# BELKNAP.

## DECEMBER TERM, 1850.

---

## WIGGIN *v.* BERRY.

A will provided that a certain farm of the testator, after the decease of the present occupant, should go to the present and future inhabitants of a certain school district in Alton, provided they would pay the taxes thereon and would annually appropriate the net profits thereof for the purpose of keeping a school for the benefit of the inhabitants of the district. It was provided by a codicil, among other things, that if the conditions specified in the will should not be complied with, the land should go to his nephews, their heirs and assigns forever for the purposes aforesaid. In the year 1825, after the death of the occupant, all the legal voters in the district joined in a lease of the farm for nine hundred and ninety-nine years, to one Wentworth, upon whose death his widow remained in possession, and subsequently married the tenant. The rent of the farm was paid to an agent of the district until the year 1844, after which time no rent was paid. The demandant claimed title under conveyances from the nephews of the testator of all their interest in the farm.

*Held*, that the lease from the legal voters of the district conveyed no title, as the trust was for the benefit of all the inhabitants who were the *cestuis que trust*, but that the legal voters were not designated by the will, and had not the legal title.

*Held*, also, that the rent not having been paid according to the provision in the will, the legal estate became vested in the testator's nephews, and that they might convey an interest, of some description, to the demandant.

WRIT OF ENTRY. The following facts were agreed to by the parties. James Jewett, late of Alton, once owned the demanded premises, known as the David Wentworth farm. Jewett made his will which contained the following provision. "It is my will that David Wentworth have liberty to live on my farm in Alton where he now lives, and to carry on the whole of it at the

halves, (excepting fifty acres which I intend to bestow on my nephew James Jewett, junior,) so long as the said David and my nephew Mark Jewett shall agree for that purpose, and after my decease, if the said David be still living on the farm, the avails of one half that grows annually on the same shall be appropriated yearly to the purpose of supporting a school, in the district near Clay Point, in Alton, for the use of the inhabitants of the district."

" Further, after the decease of said Wentworth, or after he shall cease to carry on the farm as aforesaid, I do hereby give and devise the whole of said farm with the appurtenances and the privileges to the same belonging (excepting the fifty acres hereinafter given to the said James Jewett, junior,) to the present and future inhabitants of said district, provided they will pay the taxes thereof, and annually appropriate the rent or net profits of the farm to the purpose of keeping a school in the district for the benefit of the inhabitants, and provided my nephews Nicholas Noyes, Mark Jewett, junior, and Benjamin Wiggin, and their heirs in succession forever, have liberty to send yearly to said school any number of their offspring not exceeding ten in number at one and the same time. Said farm consists of about one hundred acres, exclusive of the fifty acres to be given to James Jewett, junior, as above-mentioned."

The testator subsequently made a codicil to his will, containing the following clause :

"And whereas, there has been some doubt expressed whether the devise intended to the inhabitants of the school district at Clay Point could be carried into effect for want of legal persons to take the devise, I give and devise for the express purpose of carrying my intentions into effect in this particular, as expressed in my will, said tract of land so described, to the inhabitants of said district, to be under the sole direction of said district for the sole use and benefit of the inhabitants of said district, to be solely appropriated for keeping a school in said district for the instruction of reading, writing, geography, and other branches usually taught in English grammar-schools, upon the condition mentioned in my said will, together with this further condition,

that the said district shall not in territory be enlarged at any time hereafter, nor in any way be so altered as to exclude either of the farms which I own there, or any part thereof from said district. And in case the conditions aforesaid are not all complied with, or in case said property or the use thereof should be prevented from the use herein mentioned, then it is my will that the same revert and go to my nephews Mark Jewett, Nicholas Noyes, James Jewett, and Benjamin Wiggin, to hold to them and their heirs and assigns, and to their heirs and assigns forever, *for the purposes aforesaid.*

"And whereas, in my will I did devise all my real and personal estate that was not otherwise disposed of in my will, to Nicholas Noyes and his heirs and assigns forever —

"It is my intention in this my codicil to said will to devise and bequeathe all said real and personal estate not disposed of as aforesaid, as also what may not be disposed of in this codicil, to my executors, Mark Jewett, and Nicholas Noyes, to be equally divided between them."

The David Wentworth, mentioned in the will, continued to occupy the farm as directed in the will, until the year 1825, when he left it. Afterwards, on the 28th day of April, 1825, all the legal voters in the school district mentioned in the will, joined in a lease of the farm, by indenture, to one Jacob Wentworth, for the term of nine hundred and ninety-nine years, for the yearly rent of $33.60. This lease was made to Jacob Wentworth, his executors, administrators, and assigns, and he occupied the farm until his death in 1842. No administration has been had on his estate. After his death his widow and children remained in possession of the farm for two years, at the end of which time she became the wife of the defendant, and they now reside on the farm. Until the year 1844, the rent was paid to an agent of the school district. Since which time, no rent has been paid. The defendant never paid any rent.

The school district mentioned in the will has not been altered or enlarged, nor have the families on the farms named thereon, been at any time deprived of the privilege of sending children to the school since the death of the testator.

Nicholas Noyes, one of the executors of the will, died before this suit was brought.

The demandant, John F. Wiggin, has deeds from Mark Jewett, James Jewett, junior, and Benjamin Wiggin, nephews of the testator, conveying their right and interest in the demanded premises.

The rent has never been demanded of the tenant. Judgment is to be rendered for the demandant or for the tenant, according to the opinion of the Court on the foregoing case.

*Wiggin,* (with whom was *James Bell,*) for the demandant.

*Vaughan,* for the tenant.

GILCHRIST, C. J. The will in this case provided, that after the decease of David Wentworth the farm should go to the present and future inhabitants of the district provided they would pay the taxes thereon, and annually appropriate the rent or net profits thereof for the purpose of keeping a school for the benefit of the inhabitants. By the codicil the land is devised to the inhabitants of the district, to be under the sole direction of the district, to be solely appropriated to keeping a school in the district.

In the month of April, 1825, the legal voters of the district joined in a lease of the farm to Jacob Wentworth for the term of nine hundred and ninety-nine years. Wentworth died, and his widow and children remained in possession of the premises. Mrs. Wentworth married Berry, who is now the tenant in possession. The codicil provides, that if the conditions thereof shall not be complied with, or if the property or the use thereof should be prevented from the use therein mentioned, the land should revert and go to his nephews, their heirs and assigns forever, for the purposes aforesaid. In other words, if the trust should not be performed by the district, the nephews of the testator should hold the farm in trust for the purposes contemplated by the will. This, in our opinion, was the intention of the testator, which is to guide us in ascertaining the rights of the parties. Whatever interest the testator's nephews took under the will,

they had power to assign by the express language of the will. Upon what terms, if any, the assignee would take the property, whether charged with the trust or not, it is unnecessary here to determine. But the condition was not complied with, which required the annual profits of the farm to be appropriated for the purpose of keeping a school in the district for the benefit of the inhabitants. By the provision, then, of the will, the legal estate of the property became vested in the testator's nephews, and such estate as they had, and could convey, is now held by the demandant by virtue of their conveyances. What duty devolves on the demandant need not now be decided. It is sufficient for this case that the nephews could transfer some interest which is now held by the demandant.

But the legal voters in the district could convey no title whatever to the demanded premises. The legal estate was in other persons, who held it for the benefit of the inhabitants of the district. The latter, consequently, were merely *cestuis que trust.* The legal voters are not mentioned in the will, and the inhabitants are not designated by the will as the holders of the property. The lease by the legal voters could convey no legal interest and is no answer to this suit.

Various questions as to the execution of this trust may arise hereafter, which it would be premature to consider at present, and upon them we give no opinion. But the demandant, having a deed from the trustees under the will, may recover the land against the tenant.

*Judgment for the demandant.*